UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AVREN SCOTT                                                                                    PLAINITFF

v.                                                    CIVIL ACTION NO. 3:15-CV-P349-TBR

SAMUEL AYA, MD                                                          DEFENDANT

**MEMORANDUM OPINION**

       Plaintiff, Avren Scott, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

       Plaintiff, an inmate at the Kentucky State Reformatory (KSR), names as Defendant Dr. Samuel Aya of the University of Louisville Hospital in his individual and official capacity. He states that on December 26, 2014, he was "at Louisville University hospital for inserting a pen in my arm." He states that, while there, Defendant performed surgery "to get the pen out of my left arm" but "left the pen in my arm and stitched my arm up and sent me back to [KSR]." He states that on February 10, 2015, he had "another x-ray of my left arm to see if the pen is still in my arm and every since I told nurses [and] doctors about it at KSR . . . they never did nothing about it but leave it their. I feel like its negligents and medical malpractice." As relief, he asks for $900,000 in punitive damages.

**II. ANALYSIS**

       When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 affords remedies against persons who, while acting under color of state law, deprive a plaintiff of rights secured by the Constitution or federal laws. *See Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 358-59 (6th Cir. 2001). Assuming for purposes of this Memorandum Opinion that Defendant is a state actor, Plaintiff has failed to allege a violation of his rights.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate.

*Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).  Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment."  *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)).  Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Even accepting Plaintiff's allegations as true, they do not state a claim for an Eighth Amendment violation.  Although Plaintiff alleges that the pen is still in his arm, he does not allege that it has caused him any harm, such as pain or limited range of motion.  It may be that, in the doctor's medical opinion, the pen is causing less harm where it is than if it were extracted.  Even if the allegations in the complaint could be considered malpractice, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:


cc: Plaintiff, *pro se*
4413.009